## GREWELL *v.* HENDERSON.

Every intendment is in favor of a judgment of a Court of record, and, until the contrary be made clearly to appear, the Appellate Court is bound to suppose that it was based on proper evidence.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

Grewell, the plaintiff in the Court below, brought this action upon a promissory note delivered to him by defendant, and averred generally, that the payment thereof was secured by a mortgage on certain premises in Santa Clara county. The defendant was served by a publication of the summons, on the first day of February, 1856. The default of the defendant was en-

tered, and a decree of foreclosure and order of sale had.   Prior to the default and judgment, plaintiff had filed in the clerk's office the promissory note declared upon, and the instrument claimed to be a mortgage.   From the decree and order of sale, the, defendant appealed to this Court on the judgment-roll alone, which contains the note and instrument claimed to be a mortgage.

*H. M. Voorhies* for Appellant.

The Court below erred in rendering judgment against the land named in the complaint, and ordering the same to be sold, as in the foreclosure of a mortgage.   The complaint and judgment both refer to what they call a mortgage, filed with the complaint, as the foundation of the plaintiff's right to a judgment foreclosing the equity of redemption in the land therein named; from which it will appear that the plaintiff had no right to a judgment against the land, or to a decree ordering said land to be specially sold.   Because, said instrument which is so referred to, and made the foundation for the relief asked for, is no mortgage, and does not even purport to be such.

This Court will look into the character of this instrument, it being referred to in the complaint, and filed therewith, and the judgment or decree of the Court referring to the instrument. And if, from the whole case, it appears that the Court below erred, the judgment will be reversed.

*W. T. Wallace* for Respondent.

We insist that the judgment must be affirmed, because, there is no bill of exceptions, or statement of the case, in the record; and, therefore, this appeal brings to this Court only the *judgment-roll.*   Wilson *v.* Middleton, 2 Cal. Rep., 54.

The judgment-roll consists (in this case,) only of the complaint, summons, affidavit of publication, and entry of defendant's default, and the final judgment.   Practice Act, paragraph 203.

All these appear in the record in this case, and it is not pretended by the appellant in his brief, that any of these are defective, or insufficient to sustain the judgment.   The complaint contains a cause of action, and the record states that the "plaintiff introduced the evidence to sustain the demand mentioned in the complaint, and *the Court being satisfied by proof that the allegations of the complaint herein are true,*" etc., proceeds to render the decree.

What that proof was, of what it consisted, and whether it was properly received in the Court below, this Court cannot determine from this record; but, no error being shown affirmatively in the case, the presumption is in favor of the correctness of the proceedings below.   Rabe *v.* Wells, 3 Cal., 148; White *v.* Abernethy, ib., 426.

And, in the case of Ford *v.* Holton, July Term, 1855, it is

stated in effect, that error will not be presumed, but all intendments are in favor of the regularity of the judgment below.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., and BURNETT, J., concurring.

This case comes before us on the judgment-roll alone. The judgment by default was properly entered, as the defendant did not appear and answer after service was made complete by publication.

An appearance in this Court on a former appeal, did not absolve him from the necessity of answering, or from the consequences of his neglect to do so.

Although the instrument set out in the record is not a mortgage, it is not embodied in the complaint, and we cannot say that the judgment of foreclosure was obtained on it. Every intendment is in favor of the judgment, and we are bound to suppose that the decree of foreclosure was based upon proper evidence in the Court below, of a mortgage perfect in all its parts.

Judgment affirmed.